UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Mary Maxwell

   v.                                         Civil No. 17-cv-628-JL

President of the United States
Donald Trump


**O R D E R**

Pro se plaintiff, Mary Maxwell, has filed a complaint in this action (Doc. No. 1), naming President Donald Trump as the defendant. As Ms. Maxwell has paid the filing fee, the matter is here to determine if the court has subject matter jurisdiction over her claims. See Fed. R. Civ. P. 12(h)(3); LR 4.3(d)(3). In conducting this subject matter jurisdiction review, the court construes Ms. Maxwell's pro se complaint liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).


**Background**

Ms. Maxwell alleges that President Trump has warned that he may order a nuclear strike on a foreign nation in the near future. Ms. Maxwell asserts that this threatened act, which she alleges prior presidents have also been prepared to do, would start a war without Congressional authorization. Ms. Maxwell

asserts that she would likely suffer injury in the event defendant initiated such a war. She seeks an injunction ordering the president to obtain Congressional authorization before waging war, and to obtain Congressional approval for the policy of pre-emptive nuclear strikes.

## Discussion

> It is a fundamental axiom that pursuant to Article III of the Constitution, federal courts are vested with the power of judicial review extending only to "Cases" and "Controversies." U.S. Const. art. III, § 2. As a result of the Constitution's "case-or-controversy requirement, the courts have developed a series of principles termed 'justiciability doctrines,' among which are standing[,] ripeness, mootness, and the political question doctrine."

Mahorner v. Bush, 224 F. Supp. 2d 48, 49 (D.D.C. 2002) (citations omitted).

> For a plaintiff to have Article III standing to bring a claim in federal court, the plaintiff bears the burden of establishing that [plaintiff] has suffered "an (1) 'injury in fact -- an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical' -- (2) which is 'fairly traceable' to the challenged act, and (3) 'likely' to be 'redressed by a favorable decision.'"

Id. (citations omitted).

In Mahorner, the court dismissed the complaint sua sponte, upon concluding that "plaintiff's allegation that [plaintiff] will suffer an increased chance of losing his life if [the

2

President] initiates a military conflict . . . amounts to nothing more than speculation about future events that may or may not occur." Id. at 50. "'[I]t is not enough . . . to assert that [the plaintiff] might suffer an injury in the future, or even that it is likely [plaintiff will] suffer an injury at some unknown future time,'" as "'[s]uch 'someday' injuries are insufficient'" to satisfy the injury-in-fact requirement. Id. (citations omitted). This case is analogous to Mahorner, in that the plaintiff asserts that she has suffered or is likely to suffer harm because of the risk that plaintiff will be injured or killed as a result of an attack on another country ordered without Congressional authorization.

Further, claims challenging the President's failure to obtain Congressional authorization before waging war present nonjusticiable political questions. See id. at 52.

> The conducting of military operations is considered to be "so exclusively entrusted to the political branches of government as to be largely immune from judicial inquiry or interference." . . . "[I]t is difficult to think of an area less suited for judicial action . . . . The fundamental division of authority and power established by the Constitution precludes judges from overseeing the conduct of foreign policy or the use and disposition of military power; these matters are plainly the exclusive province of Congress and the Executive."

Id. (citations omitted). Accordingly, the district judge should dismiss this action for lack of jurisdiction, as plaintiff lacks

3

standing to bring this action, and the claims are nonjusticiable political questions.

## Conclusion

For the foregoing reasons, the district judge should dismiss the complaint (Doc. No. 1), without prejudice, as it does not present a case or controversy that is within this court's jurisdiction to review under Article III. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen day period may be extended upon motion. Failure to file objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

November 28, 2017

cc: Mary Maxwell, pro se